JS-6        o

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROSS KLEIN; KLEIN METALS, INC.; and KLEIN ENTERPRISES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> MONY LIFE INSURANCE COMPANY OF AMERICA, <br><br> Defendant. | CV 17-07003-RSWL-AS <br><br> **ORDER re: Defendant's Motion to Dismiss Second Amended Complaint Pursuant to F.R.C.P. 12(b)(6)** [45]**; Defendant's Motion to Strike and Dismiss Plaintiffs' Requests for Attorneys' Fees and Punitive Damages from the Second Amended Complaint** [46] |

Currently before the Court is Defendant MONY Life Insurance Company of America's ("Defendant") Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Motion to Dismiss") [45] and Motion to Strike and Dismiss Requests for Attorneys' Fees and Punitive Damages from the Second Amended Complaint ("Motion to Strike") [46].  Having reviewed all papers

1

submitted pertaining to these Motions, the Court **NOW FINDS AND RULES AS FOLLOWS:** the Court **GRANTS** Defendant's Motion to Dismiss **WITHOUT LEAVE TO AMEND** and **DENIES as MOOT** Defendant's Motion to Strike.

## I. BACKGROUND

### A. Factual Background

In 2004, Plaintiffs Ross Klein; Klein Metals, Inc.; and Klein Enterprises, Inc. (collectively, "Plaintiffs") sought advice from Defendant's purported agent, Kathleen Novotny ("Novotny"). Second Am. Compl. ("SAC") ¶ 16, ECF No. 44. According to the Second Amended Complaint ("SAC"), Novotny wrongfully advised Plaintiffs to invest in a Section 419 plan, called the PREPare Plan (the "Plan"), through which Defendant sold its insurance products. Id. ¶¶ 14-15. The Internal Revenue Service ("IRS") had issued a notice in 1995 stating that such plans violated the Internal Revenue Code, and 2004 Treasury Regulations confirmed this prohibition because individualized accounting within a plan—like Defendant did with the Plan here—is considered a tax shelter. Id. ¶ 12. Nevertheless, Novotny prepared marketing materials promising that: (1) employers, such as Plaintiffs, may deduct contributions to the Plan; (2) Plaintiffs would receive tax savings for their first-year contributions; and (3) in each following year, Plaintiffs' after-tax cost would be reduced. Id. ¶¶ 18, 20, Ex. A.

Plaintiffs contributed to the Plan until 2010, in

reliance upon Novotny's alleged misrepresentations that the Plan was tax deductible and IRS-compliant. Id. ¶¶ 27, 32. Meanwhile, neither Novotny nor Defendant informed Plaintiffs that Defendant had a policy against selling its insurance products in such plans. Id. ¶¶ 28, 30-31. Eventually, the IRS audited Plaintiff Ross Klein and assessed significant back taxes, interest, and penalties. Id. ¶¶ 33-34. Specifically, the IRS took issue with Defendant's individualized accounting. Id. ¶ 34. Defendant's representatives admitted in depositions to Defendant's use of separate accounting for each employer within the Plan. Id. ¶ 24. Plaintiffs claim they discovered this practice after the depositions became public record in 2015. Id. ¶ 35.

**B.   Procedural Background**

On September 22, 2017, Plaintiffs filed their Complaint [1] against Defendant. Thereafter, on November 8, 2017, Plaintiffs filed their First Amended Complaint ("FAC") [18]. The Court dismissed the FAC with leave to amend [43] on February 27, 2018, warning Plaintiffs of the possibility of dismissal with prejudice for a subsequent, deficient pleading.

On March 19, 2018, Plaintiffs filed their SAC [44]. Defendant filed the instant Motion to Dismiss [45] and Motion to Strike [46] on April 2, 2018. Plaintiffs timely opposed [49, 51], and Defendant timely replied [53, 54].

**II. DISCUSSION**

**A. Legal Standard**

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for dismissal of one or more claims if the pleading fails to state a claim upon which relief can be granted. A complaint must contain sufficient facts, accepted as true, to state a plausible claim for relief. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotation omitted). Dismissal is warranted for a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988) (citation omitted).

"In ruling on a 12(b)(6) motion, a court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007) (citation omitted). A court must presume all factual allegations to be true and draw all reasonable inferences in favor of the non-moving party. Klarfeld v. United States, 944 F.2d 583, 585 (9th Cir. 1991). The question is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence to support the claims. Jackson v. Birmingham Bd. of Educ., 544 U.S. 167, 184 (2005) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)). While a complaint need not contain detailed

factual allegations, a plaintiff must provide more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

**B.   Analysis**

   1.   Request for Judicial Notice

Defendant requests the Court take judicial notice of the following: (1) the Plan proposal provided to Plaintiffs on November 30, 2004; (2) the restatement of the Plan provided to Plaintiffs in December 2004; (3) the Plan joinder agreement executed by Plaintiff Ross Klein on December 11, 2004; (4) the release executed by Plaintiff Ross Klein on December 11, 2004; (5) certain filings in Plaintiffs' first Texas action; (6) certain filings in the second Texas action; (7) Plaintiffs' original complaint against their accountants filed in Los Angeles Superior Court; (8) a subpoena served on Defendant in December 2014 in connection with the first Texas action; and (9) a records affidavit served in response to the subpoena. Def.'s Req. for Judicial Notice ("RJN"), ECF No. 45-10. Plaintiffs only oppose judicial notice of the purported disclaimers, maintaining that they are neither attached to the SAC nor referred to in the SAC. Pls.' Opp'n to Def.'s Mot. to Dismiss ("Opp'n") 10:24-11:3, ECF No. 51.

The court may consider unattached evidence that a complaint "necessarily relies" on; this includes

documents that the complaint refers to, are central to the claim, and no party questions their authenticity. United States v. Corinthian Colls., 655 F.3d 984, 999 (9th Cir. 2011) (citations omitted). Here, Plaintiffs allege Defendant "created false and fraudulent documents purporting to disclaim responsibility for providing any tax advice." SAC ¶ 39. This allegation refers to the "Multiple Employer Welfare Benefit Plan Joinder Agreement" and "Statement of Understanding and Release," which accordingly are subject to judicial notice. See RJN, Exs. 3-4. The SAC quotes directly from and attaches the Plan proposal, so the Court takes judicial notice of the proposal document as well. Compare SAC ¶ 20, Ex. A, with RJN, Ex. 1. Plaintiffs further aver that Defendant's agent presented the Plan to Plaintiff Ross Klein in 2004, SAC ¶ 18, which parallels Plaintiffs' receipt of the Plan restatement in December 2004, RJN ¶ 2. As such, the Court takes judicial notice of the restatement. See RJN, Ex. 2.

A district court may take judicial notice under Federal Rule of Evidence 201 of "undisputed matters of public record, including documents on file in federal or state courts." Harris v. Cty. of Orange, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (internal citation omitted). As such, the filings in the Texas actions and Los Angeles Superior Court are appropriate for judicial notice. See RJN, Exs. 5-18, 21-22.

Finally, the Court takes judicial notice of the

fact of service of and response to the subpoena, but not the truth of the facts recited therein. See RJN, Exs. 19-20; Gallagher v. United States, No. 17-cv-00586-MEJ, 2017 U.S. Dist. LEXIS 163995, at *9 (N.D. Cal. Oct. 3, 2017) (citing Lee v. City of L.A., 250 F.3d 668, 689-90 (9th Cir. 2001)).

In sum, Defendant's Request for Judicial Notice is **GRANTED** in its entirety.

2. Motions to Dismiss and Strike

Preliminarily, because Plaintiffs allege Defendant is liable for intentional misrepresentation under an agency theory, see SAC ¶ 11, Federal Rule of Civil Procedure 9(b) requires that Plaintiffs allege with particularity facts supporting the existence of an agency relationship, Palomares v. Bear Stearns Residential Mortg. Corp., 07cv01899 WQH (BLM), 2008 U.S. Dist. LEXIS 19407, at *12 (S.D. Cal. 2008) (citing Swartz v. KPMG LLP, 476 F.3d 756, 764-65 (9th Cir. 2007)). Particularity means "the who, what, when, where, and how." Davidson v. Kimberly-Clark Corp., 873 F.3d 1103, 1110 (9th Cir. 2017) (quotation omitted).

An agent is a person who represents another in dealings with third persons. Cal. Civ. Code § 2295. To establish actual agency, Plaintiffs must allege Defendant consented to Novotny acting on Defendant's behalf and subject to Defendant's control, and Novotny also consented to so act. Van't Rood v. Cty. of Santa Clara, 6 Cal. Rptr. 3d 746, 764 (Ct. App. 2003)

(quoting Edwards v. Freeman, 212 P.2d 883 (Cal. 1949)). Importantly, there is no agency without the right to control. Id. Moreover, a principal is not liable for acts beyond the scope of the agent's actual or ostensible authority. Id. at 765 (citing Ernst v. Searle, 22 P.2d 715 (Cal. 1933)).

In the SAC, Plaintiffs allege that Novotny was Defendant's "agent" and Defendant "consented to Novotny's marketing and promotion of [its] insurance policies and Section 419 plan that is the subject of this lawsuit." SAC ¶ 11. Plaintiffs further aver that Defendant consented to Novotny acting on Defendant's behalf and subject to its control, giving Novotny agent code 936665 and compensating her for her acts. Id. ¶¶ 12-13. Contrary to Defendant's contention otherwise, see Def.'s Reply in Supp. of Mot. to Dismiss 4:2-4, ECF No. 53, Plaintiffs do allege Novotny's consent, i.e., that she requested and received Defendant's "permission and license to promote and market [Defendant]'s policies in connection with the Section 419 plan on [Defendant]'s behalf and performed such acts in accordance with the scope of [Defendant]'s authority granted to Novotny," SAC ¶ 12.

Fatally, however, Plaintiffs' control allegation is conclusory. Plaintiffs fail to allege any facts showing Defendant's right to control Novotny's actions, let alone specific facts to satisfy a heightened pleading standard. The Court already specifically

informed Plaintiffs of this deficiency when it dismissed the FAC with leave to amend. See Order re: Def.'s Mot. to Strike, Def.'s Mot. to Dismiss, & Pls.' Mot. to Correct 14:9-10, ECF No. 43. Because Plaintiffs were warned to correct the deficiencies in the FAC or face dismissal with prejudice, id. at 18:21-28, leave to amend the SAC is not warranted.

Agent code 936665, allegedly provided to Novotny, does not save the SAC. See SAC ¶ 12. Even assuming the transaction at issue (i.e., Plaintiffs' adoption of the Plan) involved the direct sale of insurance policies to Plaintiffs, a non-exclusive agent, like Novotny, is the agent of the insured, like Plaintiffs, not the insurer, like Defendant. Mercury Ins. Co. v. Pearson, 87 Cal. Rptr. 3d 310, 318 (Ct. App. 2008) (quotation omitted). Thus, Plaintiffs still fail to properly allege an agency relationship.

Moreover, the alleged scope of Novotny's authority, "including the authority to represent [Defendant] and discuss the qualities, characteristics and all aspects of [Defendant's] insurance policies issued to Plaintiffs, as well as the Section 419 plan, which the [] insurance policies funded," SAC ¶ 13, does not include making representations about the tax consequences of the Plan.[1] An inference that her

---

[1] Plaintiffs' allegation that all of Novotny's representations were made within the scope of her authority is conclusory and thus insufficient to withstand dismissal. See SAC

9

authority included such representations would be unreasonable in light of Defendant's explicit disclaimers. Cf. Klarfeld, 944 F.2d at 585 (requiring courts to draw all *reasonable* inferences in favor of the nonmovant). For instance, the Plan brochure states that Defendant "shall not be deemed to be a party to the Plan." SAC, Ex. A at 12. The disclosures that Plaintiffs signed state that no "[i]nsurer or its agents can guarantee or promise that the anticipated favorable tax results will in fact be achieved," RJN, Ex. 3 at 41, and neither Defendant nor its agents "have made any representations regarding the tax consequences of participation in the [Plan]," id., Ex. 4 at 44.[2] It simply is not plausible that Defendant would grant Novotny authority that directly conflicts with the disclaimers provided to Plaintiffs. Since Plaintiffs do not, and cannot plausibly, allege Novotny had authority to make tax representations, Defendant is not vicariously liable for such representations (assuming Novotny was Defendant's agent).

Without adequate agency allegations, there is no basis to hold Defendant liable. Therefore, the Motion

---

¶¶ 11-12.

[2] Despite Plaintiffs' argument that the disclaimers are a factual issue, are void, and were fraudulently obtained, Opp'n 11:5-7, the disclaimers, even if unenforceable as to Plaintiffs, limit Novotny's alleged authority. Indeed, agency forms from the principal's words or conduct. Secci v. United Independant Taxi Drivers, Inc., 214 Cal. Rptr. 3d 379, 385 (Ct. App. 2017) (quotation omitted).

to Dismiss is **GRANTED** in its entirety **WITHOUT LEAVE TO AMEND**. See Zucco Partners, LLC v. Digimarc Corp., 552 F.3d 981, 1007 (9th Cir. 2009) (affirming dismissal with prejudice where plaintiff "failed to correct the[ first amended complaint's] deficiencies in its [s]econd [a]mended [c]omplaint," indicating that there were "no additional facts to plead" (quotation omitted)). Because the entire SAC is dismissed, the Motion to Strike is **DENIED as MOOT**.

### III. CONCLUSION

Based on the foregoing, the Court **GRANTS** Defendant's Motion to Dismiss [45] **WITHOUT LEAVE TO AMEND**, and, accordingly, **DENIES** Defendant's Motion to Strike [46] **as MOOT**.

The clerk shall close this action.

**IT IS SO ORDERED.**

DATED: May 30, 2018     s/ RONALD S.W. LEW
                        HONORABLE RONALD S.W. LEW
                        Senior U.S. District Judge

11